16-3903
Singh v. Sessions

BIA
Poczter, IJ
A206 296 671

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

AMARJOT SINGH,
> *Petitioner,*

v.                                                    16-3903
                                                      NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Amarjot Singh, pro se, Jamaica, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General, Civil Division;
                         John S. Hogan, Assistant Director;
                         Ashley Martin, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Amarjot Singh, a native and citizen of India, seeks review of an October 25, 2016, decision of the BIA affirming a June 15, 2015, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Amarjot Singh,* No. A 206 296 671 (B.I.A. Oct. 25, 2016), *aff'g* No. A 206 296 671 (Immig. Ct. N.Y. City June 15, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances . . . a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness," or on

2

inconsistencies or omissions in an applicant's oral and written statements and other record evidence, regardless of whether any such discrepancies "go[] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The agency's adverse credibility determination is supported by substantial evidence.

The agency reasonably relied on omissions from Singh's application and corroborating documents as well as his inconsistent statements about the harm his father suffered in India. *See id.* (agency reasonably relied on the "cumulative effect" of omissions from both application and supporting letter). Further, Singh's application and supporting letters omitted any mention that he had a brother in the United States who fled India for similar political reasons. And Singh neither presented compelling explanations nor rehabilitated his testimony with a statement from his brother. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his

inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks and citation omitted)); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)(agency reasonably relied on a failure to corroborate "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question").

We defer to the agency's conclusion that Singh's omissions and inconsistencies undermined his credibility, *see Siewe v. Gonzales*, 480 F.3d 160, 166-68 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. . . . Rather, a reviewing court must defer to that choice so long as the deductions are not illogical or implausible." (internal citations and quotation marks omitted)), and we conclude that the inconsistencies and omissions provide substantial evidence for the adverse credibility determination, 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because Singh's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum,

4

withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```